# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Renee C.,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>Kilolo Kijakazi, Commissioner of Social Security,<br><br>　　　　　　Defendant. | 2:23-cv-01665-MDC<br><br>**ORDER GRANTING MOTION TO REMAND (ECF NO. 10) AND DENYING COUNTERMOTION TO AFFIRM (ECF NO. 13)** |

Plaintiff Renee C. filed a *Motion for Remand* ("Motion") regarding the Administrative Law Judge's ("ALJ") final decision denying her social security benefits. ECF No. 10.  The Commissioner filed a *Countermotion to Affirm* ("Countermotion"). ECF No. 13.  The Court GRANTS the plaintiff's Motion and DENIES the Commissioner's Countermotion.

## I.   BACKGROUND

Renee filed an application for a period of disability and disability insurance benefits on May 31, 2020, alleging disability commencing on October 14, 2019. AR 232-233. The ALJ followed the five-step sequential evaluation process to guide the decision. 20 C.F.R. § 416.924(a). The ALJ agreed that Renee did not engage in substantial gainful activity since October 14, 2019. AR 19. The ALJ found that Renee suffered from medically determinable severe impairments consisting of carpal tunnel syndrome, diabetes mellitus, and migraines. AR 20. The ALJ decided that the impairments did not meet or equal any "listed" impairment. AR 21, citing 20 C.F.R. part 404, subpart P, Appendix 1. The ALJ determined that Renee retained the residual functional capacity to perform:

> light work as defined in 20 CFR 404.1567(b) except with the following limitations:
> Exertional Limitations: She can lift 20 pounds occasionally and 10 pounds frequently; carry 20 pounds occasionally and 10 pounds frequently; sit for 6 hours, stand for 6 hours, walk for 6 hours, push and/or pull as much as she can

lift and/or carry.
<u>Manipulative Limitations</u>: She can finger, feel, and handle items frequently with
the left hand, and can finger, feel, and handle items frequently with the right
hand. <u>Postural Limitations</u>: The claimant can never climb ladders, ropes, or
scaffolds, crouch frequently, crawl occasionally. Environmental Limitations: The
claimant can work at unprotected heights frequently, moving mechanical parts
frequently.

AR 22.

The ALJ compared the residual functional capacity assessed to the demands of Renee's past

relevant work as a phlebotomist/clinical lab assistant, elementary teacher, and teacher/case manager and

decided that Renee could perform that kind of work. AR 27. The ALJ concluded that Renee did not

suffer from a disability between October 14, 2019, and the date of the decision. AR 27.

Plaintiff argues that (1) the ALJ failed to articulate clear and convincing reasons for discounting

Renee's subjective complaints and (2) the ALJ's residual functional capacity assessment lacks the

support of substantial evidence. ECF No. 10. The Commissioner argues in both her countermotion and

response that the ALJ (1) reasonably discounted plaintiff's subjective symptom statements and (2)

reasonably assessed plaintiff's RFC.

## II.  DISCUSSION

### A.  Legal Standard

The Fifth Amendment prohibits the government from depriving persons of property without due

process of law.  U.S. Const. amend. V.  Social security plaintiffs have a constitutionally protected

property interest in social security benefits.  *Mathews v. Eldridge*, 424 U.S. 319 (1976); *Gonzalez v.

Sullivan*, 914 F.2d 1197, 1203 (9th Cir. 1990).  "On judicial review, an ALJ's factual findings [are]

'conclusive' if supported by 'substantial evidence.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019)

(quoting 42 U.S.C. § 405(g)).

Evaluating a claimant's subjective symptom testimony "becomes important at the stage where

the ALJ is assessing residual functional capacity, because the claimant's subjective statements may tell

of greater limitations than can medical evidence alone." *Tonapetyan v. Halter*, 242 F.3d 1144, 1147 (9th Cir. 2001) (citing Social Security Ruling (SSR) 96-7P).[1] "Such testimony is inherently subjective and difficult to measure." *Coleman v. Saul,* 979 F.3d 751, 755-56 (9th Cir. 2020). This evaluation is often crucial to a finding of disability. *Id.* (citing *Fair v. Bowen,* 885 F.2d 597, 602 (9th Cir. 1989)).

There is a two-step test for evaluating a claimant's subjective symptom testimony. *Garrison v. Colvin*, 759 F.3d 995, 1014-15 (9th Cir. 2014) (internal citations omitted). First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. *Id.* If the claimant satisfies the first step of the test, "and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Id.* (internal quotation marks and citations omitted). "This is not an easy requirement to meet: The clear and convincing standard is the most demanding required in Social Security cases." *Id.* (internal quotation marks and citations omitted).

"ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day." *Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014) (citations omitted). That a claimant can participate in some activities does not contradict evidence of otherwise severe problems encountered in daily life during the relevant period. *Diedrich v. Berryhill*, 874 F.3d 634, 643 (9th Cir. 2017.) Household chores, cooking simple meals, self grooming, paying bills, writing checks, and caring for a

---

[1] Social Security Administration (SSA) previously referred to this as a credibility determination. SSR 96-7P. SSA subsequently eliminated use of the term "credibility." SSA has clarified that "subjective symptom evaluation is not an examination of an individual's character." Instead, the adjudicator considers all of the evidence in evaluating the intensity and persistence of a claimant's symptoms. SSR 16-3P.

pet in one's own home, and occasional shopping are not similar to typical work responsibilities. *Id.* (citation omitted).

An ALJ need not "perform a line-by-line exegesis" of the claimant's testimony, but the Court "cannot review whether the ALJ provided specific, clear, and convincing reasons for rejecting [the claimant's] pain testimony where, as here, the ALJ never identified which testimony she found not credible, and never explained *which* evidence contradicted that testimony.'" *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020) (emphasis original, quoting *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015)). The ALJ must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines that specific testimony. *Brown-Hunter*, 806 F.3d at 494. The ALJ must connect the testimony to the particular parts of the record. *Id.* "[P]roviding a summary of medical evidence in support of a residual functional capacity finding is not the same as providing clear and convincing reasons for finding the claimant's symptom testimony not credible." *Id. at* 493.

### B. Analysis of Plaintiff's Subjective Symptom Complaints

Plaintiff testified[2] that she suffers from multiple physical and mental conditions, including but not limited to carpal tunnel, arthritis, asthma, neuropathy, diabetes, chronic migraines, depression, post-traumatic stress disorder, and anxiety. ECF No. 22. She alleges that she constantly falls and drops things, struggles with mobility and motor skills, is losing feeling in her hands and feet, has constant knee pain and swelling, sleeps with wrist braces, can only stand for 15 minutes, takes 20 minutes to walk straight, and 45 minutes to get up from a seated position. ECF No. 23. She testified that she has breathing problems because of her asthma, that she has had long hospital stays for pneumonia and Covid, and that her breathing problems prevent her from exercising and doing household chores. *Id.* She

---

[2] Plaintiff states that the ALJ adequately summarized her testimony and written statements. AR 22-24. The Court also reviewed her testimony (AR 47-51) and her written statements addressing the limiting effects of her impairments (AR 255-262, 266-286, 307-315, 316-319, 323-332). For brevity, the Court does not repeat all of her testimony here.

alleges that she uses a cane to walk, that her husband does the chores, that she needs to lean on the basket at the grocery store, and that her husband and grandson unload the groceries. *Id.* She testified that she had handles installed in her tub and toilet. AR 24. She testified that she still engages in creative activities such as painting but noted that she could only do so for 15 to 20 minutes before her hands went numb, and she had to take a break. *Id.*

The plaintiff testified that she could prepare simple meals, perform some household chores, drive and ride in a car, shop in stores, manage her own financial affairs, and take care of her grooming and hygiene. ECF No. 23. The plaintiff testified that her conditions affect her ability to do many tasks, such as lift, squat, use her hands, and concentrate. *Id.* The ALJ recited the two-part test for weighing symptom and limitation testimony. AR 22. The ALJ agreed that plaintiff had an impairment that could cause the limitations. AR 23-24. There is no evidence of malingering in the record. The ALJ rejected the persistence and limiting effects of those impairments. *Id.* The ALJ found that plaintiff's "activities of daily living in conjunction with the medical evidence demonstrating minimal abnormalities, reflects a significant functional capacity and not an individual unable to sustain regular and continuing work due to medically determinable impairments." ECF No. 26.

The ALJ discounted plaintiff's statements due to the extent of her daily activities, without analysis. AR 26. *Diedrich*, 874 F.3d at 643 (Household activities like cooking simple meals and paying bills are not similar to typical work responsibilities). For example, the ALJ does not analyze what testimony is being discredited because of her daily activities and why. In addition to the lack of analysis regarding her daily activities, the ALJ also did not specifically identify what medical evidence undermines plaintiff's specific testimony.

While the ALJ summarized the medical evidence, he did not adequately tie that evidence to plaintiff's testimony. AR 24-27. For example, the ALJ notes that in March 2021, plaintiff had home health care therapy for one month, and showed improvement (ECF No. 25) but the plaintiff maintains

that she falls constantly and continues to deteriorate (ECF No. 23). The ALJ did not analyze the opinions in the record as specific reasons why he found the plaintiff's allegations as unsupported. *Brown-Hunter*, 806 F.3d at 494. The ALJ did not offer specific, clear and convincing reasons for rejecting plaintiff's subjective symptom statements. The ALJ erred. Since the Court finds that the ALJ erred and remands this matter for further administrative proceedings, the Court does not address plaintiff's remaining arguments.

ACCORDINGLY,

**IT IS ORDERED that:**

1. Plaintiff Renee C.'s *Motion for Remand* (ECF No. 10) is GRANTED.

2. The Commissioner's *Countermotion to Affirm* (ECF No. 13) is DENIED.

3. The Clerk of Court is DIRECTED to enter final judgment VACATING the decision of the Commissioner of Social Security and REMANDING this case for further proceedings consistent with this Order.

DATED this 12th day of August 2024.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge